Mark Miller Benton Fire Department
220 South Main Benton, Arkansas 72015
Dear Mr. Miller:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter indicates that you are a current employee of the City of Benton. You took an exam to be promoted to Assistant Fire Chief. You challenged some of the questions on the exam. And someone has made a FOIA request for the testing company's review of the challenged questions. The records custodian has decided that the FOIA requires the records be released. You simply ask whether this decision is consistent with the FOIA.
RESPONSE
My statutory duty requires me to state whether the custodian's decision is consistent with the FOIA. You have not provided me with (1) the documents the custodian intends to release or (2) with enough information to know the general content of those documents, or (3) with the actual wording of the FOIA request. Thus, I cannot opine about whether any specific document may be released. Given the general nature of the requested record(s), I can state generally that the custodian's decision, in all likelihood, is consistent with the FOIA. But I lack sufficient information to definitively opine on any specific records. *Page 2 
DISCUSSION
Because you have provided me with so little information, this opinion must rest on a few assumptions. First, I assume the documents in question are under the Civil Service Commission's administrative control. Second, I assume the records in question reflect the performance or lack of performance of official functions. Third, I assume the requestor is neither seeking nor receiving any actual exam questions. Fourth, I assume the requestor is neither seeking nor receiving your score on the exam. Finally, I assume none of the requested records constitute employee evaluation records.
A record must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the Personnel Department of the City of North Little Rock, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
I assume the records in question are either in the physical position of the Civil Service Commission or under its administrative control. As such, the records are held by a public entity, they are rebuttably presumed to be public records. Not having seen any of the records in question, I cannot assess whether the presumption is actually rebutted in this instance. If the presumption is rebutted, then the document fails this element and the document must not be released. If the *Page 3 
presumption cannot be rebutted, then the FOIA analysis proceeds to the third element: whether any exceptions preclude disclosure.
There are two relevant exceptions of which the custodian must be aware: the exemption for civil-service exams and the exemption for personnel records. Given the following analysis, however, it is unlikely that either exemption shields the records from disclosure.
The legislature has specifically exempted the civil-service exams from disclosure under the FOIA. Because the statute only refers to "examinations," this office has interpreted this statute to exempt only the blank exam, not the answers to the exam:[2]
 (A) Open competitive examinations to test the relative fitness of applicants for the positions.
 (B)(i) The examinations are to be protected from disclosure and copying, except that the civil service commission shall designate a period of time following the conclusion of testing in which an employee taking an examination shall be entitled to review his or her own test results.
 (ii) During the employee review process, the employee may not copy test questions in any form whatsoever[.][3]
Given my understanding of the FOIA request, the requester is not seeking the blank exam in whole or part. Thus, the exemption for civil-service exams does not apply here.
The other potential exemption is for personnel records. The FOIA provides two exemptions for items normally found in employees' personnel files.[4] For purposes *Page 4 
of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records"[5] or "employee evaluation or job performance records."[6] The test for whether these two types of documents may be released differs significantly.
If a document is a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."[7] The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. However, this office has consistently opined that "personnel records" are all records other than employee evaluation records that pertain to individual employees.[8]
The FOIA also does not define the phrase "clearly unwarranted invasion of personal privacy." But the Arkansas Supreme Court has construed the phrase. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private.[9] The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the Arkansas *Page 5 
Supreme Court elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than de minimus privacy interest.[10] If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus
privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure.[11] Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests.[12] The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.[13]
Whether any particular personnel record's release would constitute a clearly unwarranted invasion of personal privacy is always a question of fact.[14] Several documents contained in personnel files are typically releasable under this standard, with appropriate redactions. I believe a current employee's job application, employment history, and any background investigation that served as a basis for his hiring constitute "personnel records" under the standard set forth above. As previously noted in Op. Att'y Gen. 2007-278:
 Certain . . . employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Op. Att'y Gen. Nos. 2005-268 (mentioning job application documents, resumes, documents evidencing completion of psychological examination; and personal history statements as being subject to release with appropriate redactions); and 2004-178 (discussing training files with scores redacted).
In contrast, some information typically found in an employee's personnel file is not subject to release under the FOIA. Some of items that must be redacted include: dates of birth of public employees (Op. 2007-064); social security *Page 6 
numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); home addresses of most public employees (A.C.A. § 25-19-105(b)(13)); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
Not having seen any records at issue, I cannot assess which records (if any) meet the personnel-records definition. There are two possible characterizations of the requested records. First, the documents may be public records that may be further classified as personnel records. Not having seen the actual records in question, I cannot definitively say whether that is the case. If it is the case, then the records must be released unless their release is a clearly unwarranted invasion of personal privacy. As discussed above, this is a relatively strict standard; and based on the limited information available to me, I do not think the release of a testing company's review amounts to an invasion of privacy. The other possible characterization of the records is that they are merely public records that do not qualify for any exemption at all. If that is the case, then the records must plainly be released.
Therefore, under either of the possible characterizations of the type of record being requested, such a record is generally subject to disclosure, in my opinion. Accordingly, with the above assumptions in mind, I believe the custodian's decision is likely consistent with the FOIA.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
Dustin McDaniel Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] Op. Att'y Gen. Nos. 2008-039, 2007-242. The exemption, under A.C.A. § 25-19-105(b)(14), for "[m]aterials, information, examinations, and answers to examinations utilized by boards and commissions for purposes of testing applicants for licensure bystate boards or commissions" also does not apply here because the position of Assistant Fire Chief is not a state-licensed position. (Emphasis added.)
[3] A.C.A. § 14-51-301(b)(2) (Supp. 2009).
[4] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g.
Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 187-89 (m m Press, 5th ed., 2009).
[5] A.C.A. 25-19-105(b)(12): "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter. . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[6] A.C.A. § 25-19-105(c)(1): This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[7] A.C.A. § 25-19-105(b)(12) (Supp. 2009).
[8] See, e.g., Op. Att'y Gen. No. 1999-147; Watkins Peltz, supra note 4, at 187.
[9] See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992).
[10] Id. at 598, 826 S.W.2d at 255.
[11] Id., 826 S.W.2d at 255.
[12] Stilley v. McBride,332 Ark. 306, 313, 965 S.W.2d 125, 128 (1998).
[13] E.g. Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
[14] Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 98-001.
 *Page 1